rT,HE defendant pleaded the act of 1715; to which the plaintiff replied. And there was a verdict, subject to the opinion of the court, whether, as part of the seven years were in the time of the war, that time should be disregarded. Secondly ; whether the executor, having not paid over the assets, is not yet liable by virtue of the act of 1784, ch. 23, which directs “ That as soon-*6,as an administrator- shall have finished his administration on “ such estates, and no creditor shall make any further demand, *223 “ the reside of such estate shall be deposited in the treasury, “there to remain without interest, subject to the claim of cre- “ ditors and to the lawful representatives of the decedent, “ without being subject to limitation of time.” The executor is not within the latter part of the act of 1715, ch. 4-8, sec. 9 ; for the law gave to the executor, all that was not disposea of: whereas, that part of the ninth section we are speaking of, directs “ That if it shall happen that any sum or sums of money “ shall hereafter remain in the hands of the administrator after “ the term of seven years, shall be expire:!, and not recovered 6t by any of the kin to the deceased, or by any creditor in that u time : the same shall be paid to the church wardens and ves- “ try, to and for the use of the parish where the said money shall remrin.” As to the administrator, the law made no disposition of the surplus to him ; and therefore it was necessary to say by this clause What should be done in such a case. The case of the administrator only is regulated by the act of 1784, ch. 25,